**TRENK, DiPASQUALE, WEBSTER,
DELLA FERA & SODONO, P.C.**
347 Mt. Pleasant Avenue, Suite 300
West Orange, New Jersey 07052
(973) 243-8600
Shoshana Schiff (SS-9639)
Sam Della Fera, Jr. (SD-4840)
*Proposed Counsel for Debtors and*
*Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: <br><br> WRS HOLDINGS, LLC, <br><br>　　　　　Debtor. | Chapter 11 <br><br> Case No. 10-28457 (DHS) <br> *Motion for Joint Administration Pending* <br><br> Honorable Donald H. Steckroth |
| In re: <br><br> WRS, LLC, <br><br>　　　　　Debtor. | Chapter 11 <br><br> Case No. 10-28461 |
| In re: <br><br> WOODS RESTORATION SERVICES, LLC, <br><br>　　　　　Debtor. | Chapter 11 <br><br> Case No. 10-28465 |
| In re: <br><br> WOODS RESTORATION SERVICES OF S.C., LLC, <br><br>　　　　　Debtor. | Chapter 11 <br><br> Case No. 10-28471 |
| In re: <br><br> WOODS RESTORATION SERVICES OF MONTCLAIR, NJ, LLC, <br><br>　　　　　Debtor. | Chapter 11 <br><br> Case No. 10-28474 |
| In re: <br><br> ENVIRONMENTAL REMEDIATION CONCEPTS, LLC, <br><br>　　　　　Debtor. | Chapter 11 <br><br> Case No. 10-28476 |
| In re: <br><br> WRS, INC., <br><br>　　　　　Debtor. | Chapter 11 <br><br> Case No. 10-28478 |

**APPLICATION IN SUPPORT OF MOTION
FOR ENTRY OF AN ORDER DIRECTING JOINT
<u>ADMINISTRATION OF DEBTORS' CHAPTER 11 CASES</u>**

TO:  THE HONORABLE DONALD H. STECKROTH,
     UNITED STATES BANKRUPTCY JUDGE

WRS Holdings, LLC; WRS, LLC; Woods Restoration Services of Montclair, NJ, LLC; Woods Restoration Services, LLC; Woods Restoration Services of S.C., LLC; Environmental Remediation Concepts, LLC and WRS, Inc. (collectively, the "Debtors"), by and through their proposed undersigned counsel, hereby move before this Court for entry of an order, pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code"), and Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), administratively consolidating their respective chapter 11 cases, solely for procedural purposes, and providing joint administration (the "Application"). In support of this Application, the Debtors respectfully represent as follows:

## JURISDICTION

1. The Court has jurisdiction over this Motion under 28 U.S.C. § 1334, which is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are section 105(a) of the Bankruptcy Code and Bankruptcy Rule 1015.

## BACKGROUND

3. On June 16, 2010 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey.

4. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No

2

trustees, examiners, or creditors' committees have been appointed in the Debtors' bankruptcy cases.

**Debtors' Business, Structure and Operations**

5.  The affiliated Debtors are engaged in the emergency/insurance restoration business, rebuilding and reconstruction. They share common ownership, officers and a place of business in Wayne, New Jersey, and have a common secured creditor and many common unsecured creditors.

6.  Debtor Woods Restoration Holdings, LLC, a Delaware limited liability company now known as WRS Holdings, LLC ("Holdings"), was formed in November, 2005 to facilitate the purchase of the assets of various related entities. Holdings became the sole member of Woods Restoration Services LLC, a Delaware limited liability company now known as WRS, LLC ("WRS"), and Woods Restoration Services Inc., a California corporation ("WRS California").

7.  Holdings purchased substantially all of the assets of both Woods Restoration Services, Inc., a Connecticut corporation ("WRS, Inc."), and Absolute Cleaning Services LLC, and it also purchased the equity in Woods Restoration Services, LLC, a Florida limited liability company ("WRS Florida"), Woods Restoration Services S.C. LLC ("WRS South Carolina") and Woods Restoration Services of Montclair NJ LLC ("WRS Montclair"). The two remaining Debtors, Environmental Remediation Concepts, LLC and WRS, Inc. similarly were formed in connection the purchase transaction or shortly thereafter. The asset purchase was funded by cash from Holdings, notes to the sellers (Philip Woods, Tim Woods and Marin Woods), and secured financing from MFC Capital Funding ("MFC"). All of the Debtors are obligors or gurantors of the MFC debt.

8.  WRS California, WRS Florida, WRS South Carolina and WRS Montclair each were formed for the purpose of satisfying respective state licensing requirements for entering

into construction projects in those states. While they still exist as corporate entities and are necessary to undertake projects in those states, substantially all operations are now conducted by, and substantially all assets and liabilities reside in, WRS.

9. Many construction projects were underway at the time of the asset purchase and WRS Florida was in the process of entering into an approximately $50 million restoration/rebuild contract with several Sunrise, Florida condominium associations related to damage suffered as a result of Hurricane Wilma. The signing of this contract was a significant reason for the purchase of the Florida entity and a material basis for the loan from MFC.

10. Over the past several months, projects have been completed while new construction is limited in the current economic environment. WRS has continued to remain viable by operating at a reduced level, including reductions in payroll and physical locations, but continues to struggle to meet the monthly debt service due to MFC.

11. In addition, the Debtors have been subject to substantial contingent claims related to their construction work and work done by their predecessor companies, liability for which transferred to the Debtors with the equity purchases described above. A significant portion of the emerging contingent liabilities arose under the management of the management team in place prior to January 2009. A new management team was put into place during the early months of 2009. Since January 2009, no new claims/lawsuits have arisen related to work commenced after January 2009. The Debtors estimate that there are potentially several million dollars in contingent liabilities related to construction work done in connection the Sunrise, Florida project alone, some of which already is the subject of litigation in that state. Similar litigation also is pending in New Jersey. Finally, there are several years' worth of contingent liabilities that are as yet unidentified, but subject to assertion and to which WRS is exposed without insurance coverage.

12. Accordingly, the Debtors sought bankruptcy protection to address these pending litigation claims, substantial contingent liabilities and debt service issues in a single forum, in order to reduce expense, preserve assets and ensure a more financially stable future.

### RELIEF REQUESTED AND BASIS THEREFOR

13. By this Motion, the Debtors seek the joint administration and consolidation of their chapter 11 cases for procedural purposes only, pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 1015(b).

14. The Debtors submit that, in light of their affiliated status and interrelated business operations (as described below), the joint handling of the administrative matters respecting these cases, including, without limitation, the use of a single docket for matters occurring in the administration of the estates and the combining of notices to creditors, will aid in expediting these chapter 11 cases and rendering their administration more efficient and economical.

15. These cases should be administered jointly because joint administration will obviate the need for duplicative notices, motions, applications, and orders, and thereby save considerable time and expense for the Debtors and their estates. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by . . . a debtor and an affiliate, the court may order a joint administration of the estates." The Debtors are affiliates as that term is defined in section 101(20 of the Bankruptcy Code, by reason of their common ownership. Accordingly, this Court is authorized to grant the relief requested herein.

16. Bankruptcy Rule 1015 promotes the fair and efficient administration of multiple cases of affiliated debtors while protecting the rights of individual creditors. In re Hemingway Transp., 954 F.2d 1, 11 (1st Cir. 1992); In re N.S. Garrott & Sons, 63 B.R. 189, 191 (Bankr. E.D. Ark. 1986).

17. The Debtors anticipate that numerous notices, applications, motions, other pleadings, hearings, and orders in these chapter 11 cases will affect more than one of the Debtors. The failure to jointly administer these cases would result in numerous and duplicative filed pleadings to be served upon separate service lists. Such duplication of substantially identical documents would be extremely wasteful.

18. Joint administration will permit the Clerk of the Court to use a single general docket for all of the Debtors' cases and to combine notices to creditors of each Debtor's estate and other parties-in-interest. Joint administration will also protect parties-in-interest by ensuring that parties-in-interest in each chapter 11 case will be apprised of the various matters before this Court in the other cases.

19. The rights of the respective creditors of the Debtors will not be adversely affected by the proposed joint administration of these cases because each creditor may still file its claim against a particular estate. In fact, the rights of all creditors will be enhanced by the reduced costs that will result from the joint administration of these cases. This Court will also be relieved of the burden of entering duplicative orders and maintaining redundant files.

20. The Debtors also submit that supervision of the administrative aspects of these chapter 11 cases by the Office of the United States Trustee for the District of New Jersey (the "United States Trustee") will be simplified.

21. Accordingly, the Debtors submit that joint administration of their above-captioned chapter 11 cases is in their best interests, as well as the best interests of their creditors and all other parties-in-interest. The Debtors therefore request that the official caption to be used by all parties in all pleadings in the jointly administered cases be as follows:

| | |
|---|---|
| In re:<br><br>WRS HOLDINGS, LLC., <u>et</u> <u>al.</u>,<br><br>       Debtors. | Chapter 11<br><br>Case No. 10-28457 (DHS)<br>Jointly Administered |

## NOTICE

22.    No trustees, examiners, or creditors' committees have been appointed in the Debtors' chapter 11 cases. Notice of this Motion has been given to (i) the United States Trustee; (ii) the Debtors' twenty (20) largest unsecured creditors on a consolidated basis; and (iii) counsel for the Debtors' secured lenders. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

## NO PRIOR REQUEST

23.    No previous request for the relief sought herein has been made to this or to any other Court.

## WAIVER OF BRIEF

24.    As no novel issue of law is raised and the relevant authorities relied upon by the Debtors are set forth herein, the Debtors respectfully request that the requirement of D.N.J. LBR 9013-2 that briefs must be filed be waived.

**WHEREFORE**, Debtors respectfully request the entry of an order, in substantially the form submitted herewith, granting the relief requested herein and such other and further relief as may be just and proper.

                                        **TRENK, DiPASQUALE, WEBSTER,**
                                         **DELLA FERA & SODONO, P.C.**
                                         *Proposed Counsel to Debtors and*
                                         *Debtors-in-Possession*

                                         By:   /s/ Sam Della Fera, Jr.
                                                  Sam Della Fera, Jr.

Dated: June 17, 2010

F:\WPDOCS\N-Z\Woods Restoration Holdings, LLC\JOINT ADMINISTRATION - Application.doc