FILED
JAMES                    CLERK
JUN 2 5 2010
U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY _____ DEPUTY

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**TRENK, DIPASQUALE, WEBSTER,
DELLA FERA & SODONO, P.C.**
347 Mount Pleasant Ave., Suite 300
West Orange, NJ 07052
(973) 243-8600
Sam Della Fera, Jr. (SD 4840)
Shoshana Schiff (SS 9639)
*Proposed Counsel for Debtors and
Debtors-in-Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| WRS HOLDINGS, LLC, *et al.* | Case No. 10-28457 (DHS)<br>(Jointly Administered) |
| Debtors. | Honorable Donald H. Steckroth |

## SECOND INTERIM CONSENT ORDER
## AUTHORIZING USE OF CASH COLLATERAL

The relief set forth on the following pages, numbered two (2) through nine (9) is hereby

**ORDERED.**

6/25/10

Page 2
Debtors:                    WRS, LLC, *et al.*
Case No.:                  10-28457 (DHS)
Caption of Order.:    Second Interim Consent Order Authorizing Use of Cash Collateral

---

This matter is before the Court on the motion of WRS Holdings, LLC; WRS, LLC;

Woods Restoration Services of Montclair, NJ, LLC; Woods Restoration Services, LLC; Woods

Restoration Services of S.C., LLC; Environmental Remediation Concepts, LLC and WRS, Inc.

(collectively, the "Debtors"), by and through their proposed counsel, for authority to use cash

collateral on an interim basis pursuant to Bankruptcy Rule 4001(b) and 11 U.S.C. Section

363(c)(2)(B). Notice of the motion together with notice of the preliminary hearing thereon has

been given and served by the Debtors to the (1) the United States Trustee, (2) the Secured

Creditor, (3) JP Morgan Chase Bank , N.A., (4) any committee appointed under Section 1102 if

one has been appointed, and if not, to the twenty (20) largest creditors on the Rule 1007(d) list.

The Court considered the motion, and after due deliberation and good and sufficient cause

appearing for the entry of the within order, it is hereby found:

A.    Notice and Hearing.  Notice of the motion and order shortening time pursuant to

D.N.J. LBR 9013-1(e) and Federal Rule of Bankruptcy Procedure 9006(c) for the preliminary

hearing on the Debtors' use of cash collateral has been served in accordance with Section 102(1)

of the Bankruptcy Code and Federal Rule Procedure 4001(b), or if by Consent, under Federal

Rule of Bankruptcy Procedure 4001(d) which notice is appropriate in the particular

circumstances and is sufficient for all purposes under the Bankruptcy Code and the applicable

Bankruptcy Rules in respect to the relief requested.

B.    Chapter 11 Filed.  Debtors filed their petitions under Chapter 11 of the

Bankruptcy Code on June 16, 2010 (the "Petition Date") and are presently operating as debtors-

in-possession in accordance with sections 1107 and 1108 of the Bankruptcy Code.

C.    Pre-Petition Debt.  MFC Capital Funding, Inc. (the "Secured Creditor") has

asserted a perfected secured claim against the Debtors in the approximate principal amount of

Page 3
Debtors:               WRS, LLC, *et al.*
Case No.:              10-28457 (DHS)
Caption of Order.:     Second Interim Consent Order Authorizing Use of Cash Collateral

---

$6,000,000 (the "Pre-Petition Debt") as of the Petition Date. JP Morgan Chase Bank, N.A. and

certain of its affiliates (collectively, "JPMC") have asserted secured claims against the Debtors

arising out of their letter of credit, commercial card, and treasury management arrangements with

the Debtors (collectively, the "JPMC Debt") in the approximate amount of $430,000 as of the

Petition Date. JPMC presently asserts that it has properly perfected liens on certain bank

accounts, certificates of deposit, successor accounts, and all funds held in or represented by the

foregoing, of the Debtors maintained at JPMC pursuant to security arrangements with the

Debtors securing the JPMC Debt which JPMC asserts constitute or may result in cash collateral

(collectively, "JPMC Cash Collateral").   The Secured Creditor and the Debtors reserve all rights

as to the asserted JPMC Debt, JPMC asserted liens and JPMC Cash Collateral )as hereinafter

defined), including the right to contest the extent, validity and priority asserted JPMC Debt and

liens.

D.      Pre-Petition Collateral. The Secured Creditor presently asserts that it has a

properly perfected first priority lien on all of the Debtors' property (including proceeds) at the

commencement of the case (other than the Debtors' rolling stock), including the Debtors'

accounts, inventory and other collateral that is or may result in cash collateral (the "Pre-Petition

Lien").

E.      Cash Collateral. "Cash Collateral" as defined by Section 363(a) of the

Bankruptcy Code includes post-petition proceeds, products, offspring, rents, or profits of

property and the fees, charges, accounts or other payments for the use or occupancy of rooms

and other public facilities in hotels, motels, or other lodging properties subject to a security

interest as provided in Section 522(b) and as the term "proceeds" is described in UCC Section 9-

306.

Page 4
Debtors:            WRS, LLC, *et al.*
Case No.:           10-28457 (DHS)
Caption of Order.:  Second Interim Consent Order Authorizing Use of Cash Collateral

F.      Necessity and Best Interest. The Debtors do not have sufficient unencumbered cash or other assets with which to continue to operate their businesses in Chapter 11. The Debtors require immediate authority to use cash collateral as defined herein in order to continue their business operations without interruption toward the objective of formulating an effective plan of reorganization. The Debtors assert that the use of cash collateral to the extent and on the terms and conditions set forth herein is necessary to avoid immediate and irreparable harm to the estate pending a final hearing. The amount of cash collateral authorized to be used during the Period (as hereinafter defined) is not to exceed the amounts reflected in the Debtors' budget and as may be authorized by this Order, and as are acceptable to the Secured Creditor (the "Budget"), annexed hereto as Exhibit A, for the time period from June 28, 2010, through and ending on July 13, 2010 (the "Period").

G.      Purposes. The Debtors are authorized to use cash collateral to meet the ordinary cash needs of the Debtors (and for such other purposes as may be approved in writing by the Secured Creditor) for the payment of actual expenses of the Debtors necessary to (a) maintain and preserve its assets, and (b) continue operation of their business, including payroll and payroll taxes, and insurance expenses as reflected in and subject to the affixed cash collateral Budget.

H.      JPMC Cash Collateral. The Debtors are not requesting authorization to use JPMC Cash Collateral and JPMC does not consent to the Debtors' use of JPMC Cash Collateral.

The Court having heard the agreement of the parties, as placed on the record at the hearing held on June 24, 2010, for the limited use of cash collateral on a further interim basis during the Period, as required by Section 363(c)(3) of the Bankruptcy Code, and for good cause shown, it is

ORDERED, as follows,

Page 5
Debtors:                WRS, LLC, *et al.*
Case No.:               10-28457 (DHS)
Caption of Order.:      Second Interim Consent Order Authorizing Use of Cash Collateral

1.    Use of Cash Collateral. The Debtors are authorized, for the Period and as limited or permitted in accordance with the amounts and for the purposes reflected on the Budget attached hereto as Exhibit A, to use cash collateral for the following purposes:

a.    maintenance and preservation of their assets;

b.    the continued operation of their businesses, including but not limited to payroll, payroll taxes, employee expenses, and insurance costs;

c.    the completion of work-in-process; and

d.    the purchase of replacement inventory;

provided, however, that (*x*) notwithstanding any provision herein to the contrary, the Debtors are not authorized to use JPMC Cash Collateral; and (*y*) notwithstanding any other provision hereof or of the Budget, subcontractor expenses and work may only be paid for post-petition work (and post-petition invoices from subcontractors) on revenue producing projects only, with documentary/verifiable evidence of amounts incurred for such "project/subcontractor costs" to be provided to the Secured Creditor within five (5) business days of the date the cost is incurred by the Debtors.

2.    Adequate Protection. As adequate protection for use of cash collateral, the Secured Creditor is GRANTED:

a.    Replacement Lien. A replacement perfected security interest in all post-petition and after acquired property of the Debtors under Section 361(2) of the Bankruptcy Code to the extent the Secured Creditor's cash collateral is used by the Debtors and to the extent of any diminution in the value of the Secured Creditor's collateral as of the date of the Debtors' petition, to the extent and with the same priority in the Debtors' post-petition property, and

Page 6
Debtors:            WRS, LLC, *et al.*
Case No.:           10-28457 (DHS)
Caption of Order.:  Second Interim Consent Order Authorizing Use of Cash Collateral

---

proceeds thereof (subordinate only to the lien of JPMC on the JPMC Cash Collateral), that the

Secured Creditor held in the Debtors' pre-petition collateral.

        b.      Statutory Rights Under Section 507(b).  To the extent the adequate

protection provided for hereby proves insufficient to protect the Secured Creditor's interest in

and to the cash collateral, the Secured Creditor shall have a superpriority administrative expense

claim, pursuant to Section 507(b) of the Bankruptcy Code, senior to any and all claims against

the Debtors under Section 507(a) of the Bankruptcy Code, whether in this proceeding or in any

superseding proceeding.

        c.      Deemed Perfected.  The replacement lien and security interest granted

herein is automatically deemed perfected upon entry of this Order without the necessity of the

Secured Creditor taking possession, filing financing statements, mortgages or other documents.

Although not required, upon request by the Secured Creditor, Debtors shall execute and deliver

to the Secured Creditor any and all UCC Financing Statements, UCC Continuation Statements,

Certificates of Title or other instruments or documents considered by the Secured Creditor to be

necessary in order to perfect the security interests and liens in the Debtors' post-petition

collateral and proceeds granted by this Order, and the Secured Creditor is authorized to receive,

file and record the foregoing at the Secured Creditor's own expense, which actions shall not be

deemed a violation of the automatic stay.

        d.      Periodic Accountings.  Within fifteen (15) days of the entry of this Order,

the Debtors shall provide monthly periodic accountings to the Secured Creditor setting forth the

cash receipts and disbursements made by the Debtors under this Order.  In addition, the Debtors

shall provide the Secured Creditor all other reports required by the pre-petition loan documents

and any other reports reasonably required by the Secured Creditor, as well as copies of the

Page 7
Debtors:                    WRS, LLC, *et al.*
Case No.:                   10-28457 (DHS)
Caption of Order.:          Second Interim Consent Order Authorizing Use of Cash Collateral

---

Debtors' monthly United States Trustee operating reports. Upon appointment of a Creditors' Committee, the Debtors shall submit a copy of the monthly U.S. Trustee operating reports to counsel to said Committee if counsel has been appointed, and until counsel is retained, to the Chairman of said Committee.

      e.    Default Hearing. In the event Debtors default or violate this Order, the Secured Creditor shall be and is hereby entitled to a hearing within forty-eight (48) hours of the earlier to occur of (i) the occurrence of such Event of Default, or (ii) the Secured Creditors' request, on notice (by electronic mail) to counsel for the Debtors, for such emergency hearing.

      f.    The Debtors shall and are hereby directed to provide the Secured Creditor with: (i) the docket numbers of and the identity of each jurisdiction in which litigation is pending against the Debtors and pending as of the date of the filing of the Debtors' petitions by not later than close of business on Friday, June 25, 2010; and (ii) weekly reconciliations of "budget to actual" of all cash receipts and disbursements, beginning at the close of business on Tuesday, June 29, 2010, and continuing thereafter for the Period; and (iii) completed borrowing base certificates (pursuant to and in accordance with the loan documents memorializing the Pre-Petition Debt) on July 1 and July 9, 2010, "as of" June 30 and July 8, 2010, respectively.

      3.    Creditor's Rights of Inspection and Audit. Upon reasonable notice by the Secured Creditor, Debtors shall permit such creditor and any of its agents or representatives reasonable and free access to the Debtors' records and place of business during normal business hours to verify the existence, condition and location of collateral in which said creditor holds a security interest and to audit Debtors' cash receipts and disbursements; provided, further, that the Debtors agree to grant the financial advisors to the attorneys for the Secured Creditor such access during the Period, during regular business hours.

Page 8
Debtors:                    WRS, LLC, *et al.*
Case No.:                   10-28457 (DHS)
Caption of Order.:          Second Interim Consent Order Authorizing Use of Cash Collateral

---

4.      The Debtors hereby stipulate and agree for all purposes during this Period that the Pre-Petition Debt and Pre-Petition Liens are valid and enforceable as against the Debtors pursuant to the terms of the pre-petition underlying loan documents without defense, setoff or counterclaim of any kind. The Debtors further hereby stipulate and agree that the Pre-Petition Debt and the Secured Creditor's Pre-Petition Liens and its replacement liens granted hereby, extend to and are secured by a first priority lien in all bank accounts of the Debtors including, without limitation, the Debtors' JP Morgan Chase N.A. accounts, First Jersey Credit Union account, Bank of America account, and any other bank account in which the Debtors hold an interest and/or held or deposited as of the petition date, any of the Secured Creditor's collateral or proceeds thereof.

5.      Interlocutory Order and No Modification of Creditor's Adequate Protection. This in an interlocutory order. Nothing contained herein shall be deemed or construed to (a) limit the Secured Creditor to the relief granted herein; (b) bar the Secured Creditor from seeking other and further relief (including without limitation relief from the terms of this Order) for cause shown on appropriate notice to the Debtors and other parties-in-interest entitled to notice of same; or (c) require the Secured Creditor to make any further loans or advances to the Debtors. The Order may be modified for cause shown by the Debtors, the Secured Creditor or any other party-in-interest on due notice. No such modification, however, shall deprive the Secured Creditor of its interest in Debtors' property (pre-petition and post-petition).

FINAL HEARING

IT IS FURTHER ORDERED, AND NOTICE IS HEREBY GIVEN

That any creditor or other interested party having any objection to this Second Interim Consent Order shall file with the Clerk of this Court and serve upon counsel for the Debtors and

Page 9
Debtors:              WRS, LLC, *et al.*
Case No.:             10-28457 (DHS)
Caption of Order.:    Second Interim Consent Order Authorizing Use of Cash Collateral

counsel to the Secured Creditor on or before the 8th day of July, 2010, at 5:00 p.m., a written

objection and shall appear to advocate said objection at a Preliminary Hearing to be held at 2:00

p.m. on July 13, 2010, before the Hon. Donald H. Steckroth, United States Bankruptcy Judge of

the United States Bankruptcy Court, for the District of New Jersey, in Newark, New Jersey.

NOTICE ORDER

IT IS FURTHER ORDERED that the Debtors serve a copy of this Order and Notice by

first class mail within one (1) business day from the date hereof, on (1) the United States Trustee,

(2) the District Director of the Internal Revenue Service, (3) the New Jersey Division of

Taxation, (4) all known secured creditors and (5) counsel to any committee appointed under

Section 1102 of the Bankruptcy Code, if one has been appointed and if not, to Debtors' twenty

(20) largest Rule 1007(d) unsecured creditors. Debtors shall immediately file with the Clerk a

Certificate of Service of said mailing.

F:\WPDOCS\N-Z\Woods Restoration Services\CASH COLLATERAL - Second Interim Order.doc

# EXHIBIT A

## WRS
**Budget Period 7/3 - 7/24**

| | | Week Ending | | | |
|---|---|---|---|---|---|
| | | 7/3 | 7/10 | 7/17 | 7/24 |
| Beginning Cash Balance | Estimated Beginning Balance ==> | 176,215 | 119,621 | 10,751 | 169,054 |
| | | | | | |
| **Cash In** | | | | | |
| Seabury Combined | | 19,460 | - | - | - |
| Burke | | - | 620 | - | - |
| Dicenzo | | 1,313 | - | - | - |
| Chartis School | | - | 4,500 | - | - |
| Equity Residential | | - | 18,614 | - | - |
| Fine | | - | 6,804 | - | - |
| Mandel | | 4,700 | - | - | - |
| Hewitt | | - | 26,000 | - | - |
| Letterkenny | | 103,000 | - | - | - |
| Gurrale | | - | 878 | - | - |
| Jubelt | | - | 9,014 | - | - |
| Mucha | | - | 13,827 | - | - |
| Mulkey | | 2,200 | - | - | - |
| Salvation Army | | 10,681 | - | - | - |
| Vane | | - | 652 | - | - |
| Bluewoods | | 30,000 | - | 6,161 | - |
| Prospect School | | - | - | 235,000 | - |
| Ortega (Deposit) | | - | - | 49,000 | - |
| Nigro | | - | 9,115 | - | - |
| Stuart Babcock (Seabury) | | - | - | 1,846 | - |
| Celestine Holmes (Seabury) | | - | - | 1,857 | - |
| Joseph & Betty Hughes (Seabury) | | - | - | 3,914 | - |
| Geraldine Jones (Seabury) | | - | - | 4,025 | - |
| George & Louann Plough (Seabury) | | - | - | 1,937 | - |
| Mary Robertson (Seabury) | | - | - | 3,795 | - |
| Baronfeld | | - | - | - | 3,100 |
| County of Passaic | | - | - | - | 9,116 |
| Strubble | | - | - | - | 2,810 |
| Stevens | | - | - | - | 1,607 |
| St Marks Church | | - | - | - | 40,541 |
| Ziff | | - | - | - | 5,792 |
| Kansari | | - | - | - | 1,235 |
| Umesh | | - | - | - | 40,000 |
| Farmington | | - | - | - | 40,000 |
| Misc Over 30 | | - | - | - | 125,000 |
| Total Collections | | 171,354 | 90,024 | 307,536 | 269,001 |

## WRS
### Budget Period 7/3 - 7/24

| Cash Out | Category | Payments | 7/3 | 7/10 | 7/17 | 7/24 |
|---|---|---|---|---|---|---|
| | | | Week Ending | | | |
| IKON FINANCIAL SERVICES | Copier -- Lease | $250 every 2 weeks  for 2 mac | - | 250 | - | 250 |
| IKON OFFICE SOLUTIONS | Copier -- Maintenance | $150 / mo for 2 machines | 150 | - | - | - |
| State Sales Tax | Govt | $35,000 / mo | - | - | - | 35,000 |
| HORIZON BLUE CROSS BLUE SHIELD | Insurance | $36,882 / mo | - | - | - | 36,882 |
| FIRST INSURANCE FUNDING CORP | Insurance | $35,013 / mo | - | 35,013 | - | - |
| PREMIUM PAYMENT PLAN | Insurance -- D&O | $4,804 / mo | 4,804 | - | - | - |
| UNITED HEALTHCARE DENTAL | Insurance | $1,211 / mo | - | 1,211 | - | - |
| CHARTIS | Insurance -- WC | $10,000 / mo -- ESTIMATED | - | - | 10,000 | - |
| BREAKING NEWS NETWORK INC | Fire Pagers | $81 / mo | - | - | 81 | - |
| FIRE NEWS | Marketing / Advertising | $150 / mo | 150 | - | - | - |
| Bank fees | Misc Finance | $500 / mo -- ESTIMATED | - | - | 500 | - |
| POLAND SPRING WATER | Misc G&A | $50 every 2 weeks | 50 | - | 50 | - |
| COVERALL | Office Cleaning | $520 / mo | - | 520 | - | - |
| BJF SANITATION INC | office dumpster | $1000 / mo  -- ESTIMATED | - | 1,000 | - | - |
| FIRE & SECURITY | Alarm System | $200 / mo | 200 | - | - | - |
| OFFICE DEPOT | Office Supplies | $500 / mo -- ESTIMATED | - | - | - | 500 |
| DELTACOM | Phone / Computer | $35 / mo | 35 | - | - | - |
| MITEL NETSOLUTIONS | Telephone Bill | $900 / mo -- ESTIMATED | - | 900 | - | - |
| VERIZON | 800 #s | $400 / mo | - | - | - | 400 |
| VERIZON WIRELESS - NJ | Cellular Phone Systems | $8,000 / mo -- ESTIMATED | - | 8,000 | - | - |
| AT&T | Call forwarding | $60 / mo | - | - | 60 | - |
| COX COMMUNICATIONS | DC Phones | $350 / mo | - | 350 | - | - |
| MITEL LEASING | Phone Equipment Lease | $1,300 / mo | - | - | 1,300 | - |
| COOPERATIVE COMMUNICATION | Computer Data Lines | $1000 / mo | - | 1,000 | - | - |
| GLOBALSTAR USA | Satellite Phone | $57 / mo | - | - | 57 | - |
| BURKE RENT | Rent -- DC Crew Facilities | $2450 / mo | 2,450 | - | - | - |
| SHIRLEY VENTURE #1 LIMITED | Rent -- DC Office / Warehouse | $3548 / mo | 3,548 | - | - | - |
| MALASKY PROPERTIES | Rent -- FL Warehouse | $3,550 / mo | 3,550 | - | - | - |
| VACUMET | Rent -- NJ Office 2nd Floor | $9511 / mo | 9,511 | - | - | - |
| KENSAAY ASSOCIATES | Rent -- NJ Office 3rd Floor + CAM | $3,200 / mo | 3,200 | - | - | - |
| YURASITS ASSOCIATES | Rent -- NJ Crew Facilities | $2250 / mo | 2,250 | - | - | - |
| EASYPERMIT POSTAGE | Shipping / Postage | $1000 / mo -- ESTIMATED | 1,000 | - | - | - |
| FEDEX | Shipping / Postage | $100 / wk -- ESTIMATED | 100 | 100 | 100 | 100 |
| PITNEY BOWES GLOBAL FINANCIAL | Postage Machine Lease | $600 / mo | 600 | - | - | - |
| Fuel | Vehicles | $2500 / wk -- ESTIMATED | 2,500 | 2,500 | 2,500 | 2,500 |
| Travel Expense | Vehicles | $2500 / wk -- ESTIMATED | 2,500 | 2,500 | 2,500 | 2,500 |
| Cablevision | Misc | $300 / mo | - | 300 | - | - |
| Travel Expense -- Personnel | | $1500 / wk -- ESTIMATED | 1,500 | 1,500 | 1,500 | 1,500 |
| Vehicle Payments | Vehicles | $2100 / wk | - | - | 6,300 | 2,100 |
| Vehicle / Equipment Repairs | Vehicles | $300 / wk -- ESTIMATED | 300 | 300 | 300 | 300 |
| EMS Truck Consumables | Vehicles | $500 / wk -- ESTIMATED | 500 | 500 | 500 | 500 |
| Warehouse Consumables | Misc | $300 / wk -- ESTIMATED | 300 | 300 | 300 | 300 |
| PSE&G Electric NJ ALL | Utilities | $6,500 / mo -- ESTIMATED | - | - | - | 6,500 |
| GROOM LEGAL | Legal | $15,000 / mo | 15,000 | - | - | - |
| COLLECTIONS LEGAL COSTS | Legal | $4,000 / mo | - | - | - | 4,000 |
| IT Consulting | Software Systems | $7,000 / mo | - | - | - | 7,000 |
| Marketing Costs | Marketing | $750 / wk -- ESTIMATED | 750 | 750 | 750 | 750 |
| DC Utilities | Utilities | $700 / mo -- ESTIMATED | - | - | - | 700 |
| EZ Pass | Vehicles | $2000 / mo -- ESTIMATED | - | - | - | 2,000 |
| **Total Recurring** | | | **54,948** | **56,994** | **26,798** | **103,782** |
| | | | | | | |
| **Other** | | | | | | |
| Net Payroll | | $53,000 / wk -- ESTIMATED | 53,000 | 53,000 | 53,000 | 53,000 |
| Payroll Taxes | | $21,000 / wk -- ESTIMATED | 21,000 | 21,000 | 21,000 | 21,000 |
| Unscheduled Overtime Costs | | $3,000 / wk -- ESTIMATED | 5,000 | 3,000 | 3,000 | 3,000 |
| Employee Per Diem | | $1,000 / wk -- ESTIMATED | 1,000 | 1,000 | 1,000 | 1,000 |
| Construction Project Materials / Sub Contractors Jobs in Progress | | | 85,000 | 58,900 | 39,435 | 15,500 |
| Ortega (Newly Booked Job) | | | - | 5,000 | 5,000 | - |
| Equipment Deployment to FL Whse for Hurricane | | $8,000 -- One Time ESTIMAT | 8,000 | - | - | - |
| **Total Other** | | | **173,000** | **141,900** | **122,435** | **93,500** |
| | | | | | | |
| **Total** | | | **227,948** | **198,894** | **149,233** | **197,282** |
| | | | | | | |
| **Ending Cash Balance** | | | 119,621 | 10,751 | 169,054 | 240,773 |