| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| FORMAN HOLT<br>66 Route 17 North, First Floor<br>Paramus, NJ 07652<br>Telephone: (201) 845-1000<br>Facsimile: (201) 665-6650<br>Attorneys for Charles M. Forman,<br>Chapter 7 Trustee<br>Kim R. Lynch (KL-5866)<br>klynch@formanlaw.com | Order Filed on November 21, 2017<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In Re:<br><br>WRS HOLDINGS, LLC; et al[1],<br><br>                    Debtors. | Chapter 7<br><br>Case No. 10-28457 (SLM)<br>Jointly Administered<br><br>Hearing Date: November 21, 2017<br>Hearing Time: 10:00 a.m |

### ORDER APPROVING SETTLEMENT BETWEEN CHARLES M. FORMAN, CHAPTER 7 TRUSTEE AND AMBROSE PINE, INC.

The relief set forth on the following page, numbered two (2) be and hereby is **ORDERED**.

**DATED: November 21, 2017**

_____
Honorable Vincent F. Papalia
United States Bankruptcy Judge

---

[1] The Debtors in these jointly administered chapter 7 cases are WRS Holdings, LLC, Case No. 10-28457 (DHS); WRS, LLC, Case No. 10-28461 (DHS); Woods Restoration Services, LLC, Case No. 10-28465 (DHS); Woods Restoration Services of South Carolina, LLC, Case No. 10-28471; Woods Restoration Services of Montclair, New Jersey, LLC, Case No. 10-28474 (DHS); Environmental Remediation Concepts, LLC, Case No. 10-28476 (DHS); and WRS, Inc., Case No. 10-28478 (DHS).

F0006638 - 1

Page 2
Debtors: WRS Holdings, LLC, et al
Case No. 10-28457 (SLM)
Caption: Order Approving Settlement between Charles M. Forman, Chapter 7 Trustee and Ambrose Pine, Inc.

**THIS MATTER,** having been brought before the Court upon the motion of Charles M. Forman, the chapter 7 trustee (the "Trustee") for WRS Holdings, LLC, WRS, LLC, Woods Restoration Services, LLC, Woods Restoration Services of South Carolina, LLC, Woods Restoration Services of Montclair, New Jersey, LLC, Environmental Concepts, LLC and WRS, Inc. (the "Debtors"), through his attorneys, Forman Holt, for the entry an Order pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure approving a settlement between the Trustee and Ambrose Pine, Inc. (the "Motion"); and the Court having considered the pleadings submitted and the arguments of counsel and objections, if any; and it appearing that good and sufficient notice of the proposed settlement having been provided to the Office of the United States Trustee, all creditors and other parties-in-interest; and for good cause shown; it is

**ORDERED AS FOLLOWS:**

1. The Motion is granted in its entirety.

2. The Settlement Agreement[2] attached as **Exhibit A** hereto is approved in all respects.

3. The Trustee be and is authorized to pay the sum of $80,000 to Ambrose Pine, Inc. upon entry of this Order in full and final payment of the Superpriority Claim.

4. The Trustee be and is hereby authorized to pay fifty (50%) percent from the proceeds the Remaining Assets as set forth in the Settlement Agreement without further order of this Court.

---

[2] Capitalized terms not otherwise defined shall have the same meaning as in the Motion.

# EXHIBIT A

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release ("Agreement") is made and entered into this 31st day of October, 2017, by and between Charles M. Forman in his capacity as chapter 7 Trustee (the "Trustee") for WRS Holdings, LLC, WRS, LLC, Woods Restoration Services, Woods Restoration Services of S.C., LLC, Woods Restoration Services of Montclair, NJ, LLC, Environmental Remediation Concepts, LLC, and WRS, Inc. (collectively the "Debtors"), and Ambrose Pine, Inc. ("Ambrose Pine").

## RECITALS

WHEREAS, on June 16, 2010, (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code"); and

WHEREAS, on the Petition Date, MFC Funding, Inc. ("MFC") held a valid claim in the amount of $5,870,130.04 (the "Secured Claim") secured by virtually all of the Debtors' assets with the exception of the Debtors' vehicles (the "Collateral"); and

WHEREAS, during the Debtors' chapter 11 case, orders were entered by the Court authorizing the Debtors' use of MFC's cash collateral; and

WHEREAS, in exchange for the use of its cash collateral, and other concessions made by MFC, by Stipulation and Consent Order of the Court dated December 14, 2010 (the "MFC Order"), MFC was granted, *inter alia*, a superpriority claim in the Debtors' estates pursuant to section 507(b) of the Bankruptcy Code (the "Superpriority Claim") (the Superpriority Claim and Secured Claim, collectively the "Claim"); and

**WHEREAS**, Ambrose Pine is the assignee and successor in interest to MFC and the beneficial holder of all rights to and interests in the Claim formerly held by MFC, which assignment was further memorialized by Notice of Transfer of Claim dated March 17, 2017; and

**WHEREAS**, on July 20, 2017, the Debtors' cases were converted to cases under chapter 7 of the Bankruptcy Code; and

**WHEREAS**, on July 22, 2017, the Office of the United States Trustee appointed the Trustee as chapter 7 trustee for the Debtors' estates; and

**WHEREAS**, pursuant to the MFC Order, the Court (i) authorized the Trustee to liquidate the Collateral and (i) provided a carve-out from the Collateral for the Debtors' estates; and

**WHEREAS**, the Trustee has liquidated approximately $1.892 million in assets, including the Collateral; and

**WHEREAS**, the Debtors' estates currently has a balance on hand of $186,640.32 (the "Available Cash") after payment of allowed costs of administration and a portion of the Secured Claim from the proceeds of the liquidated Collateral; and

**WHEREAS**, the Trustee anticipates receiving additional funds from the liquidation of the Debtors' remaining assets (the "Remaining Assets"); and

**WHEREAS**, Ambrose Pine asserts a Secured Claim and Superpriority Claim in the Remaining Assets; and

**WHEREAS**, Ambrose Pine has requested payment of the Superpriority Claim prior to the approval of the Trustee's Final Report and Account; and

**WHEREAS**, the Trustee has disputed Ambrose Pine's entitlement to payment of its Superpriority Claim from the Available Funds, as requested by Ambrose Pine; and

2

**WHEREAS**, the Trustee and Ambrose Pine (the "Parties") have entered into negotiations and have agreed to settle the issues described herein in accordance with this Agreement, which resolution should further expedite closure of this case, and is in the best interest of the remaining stakeholders in the Debtors' estates.

**NOW, THEREFORE**, in consideration of the premises aforesaid and the mutual covenants herein contained, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

1. **Recitals Incorporated.** The recitals and prefatory phrases and paragraphs set forth above are hereby incorporated in full, and made a part of, this Agreement.

2. **The Settlement**.

    a. Ambrose Pine shall be paid on its allowed Superpriority Claim the amount of Eight Thousand ($80,000) Dollars (the "Allowed Superpriority Claim Payment").

    b. In full and final satisfaction of its Superpriority Claim, the Trustee shall (i) make the Allowed Superpriority Claim Payment to Ambrose Pine within five (5) days of Court's approval of this Agreement, and (ii) Ambrose Pine shall be further entitled to and be paid fifty (50%) percent of the gross recovery from the liquidation or collection of the Remaining Assets (the "Ambrose Final Distribution").

    c. The Trustee is authorized to and shall pay the Ambrose Final Distribution upon the latter of (i) if required, a final order of this court authorizing the sale of the Remaining Assets or approval of a settlement related to the Remaining Assets or (ii) receipt of funds related to the liquidation or collection of such Remaining Assets. The Trustee agrees to act expeditiously to sell, liquidate and collect the proceeds of all Remaining Assets, in accordance with 11 U.S.C. § 704(a)(1).

3

3. **Bankruptcy Court Approval.** The Trustee will promptly file pleadings with the Bankruptcy Court seeking approval of this Agreement.

4. **Jurisdiction.** This Agreement shall be construed and governed by the laws of the State of New Jersey, and the United States Bankruptcy Court for the District of New Jersey shall have exclusive jurisdiction over this Agreement and the Parties.

5. **Mutual Release.** In consideration for this Agreement, the Parties hereby release and discharge each other and their respective subsidiaries, parent companies, affiliated companies, and members, principals, agents, accountants, attorneys, employers, representatives, successors, predecessors, assigns, officers and directors from any and all claims and causes of action that they may have against each other except for any cause of action arising from breach of this Agreement.

6. **Representations and Warranties.** It is acknowledged that each party has read this Agreement and has consulted with counsel of their choosing before executing same; each party has relied upon his/her own judgment and/or that of his counsel in executing this Agreement and has not relied on or been induced by any representation, statement or act by any other party which is not referred to in this instrument; each party enters into the Agreement voluntarily, with full knowledge of its significance; and the Agreement is in all respects complete and final

7. **Costs and Attorneys' Fees.** Each Party to this Agreement agrees to bear its own costs and expenses, including attorneys' fees, arising out of the matters described in this Agreement and in this bankruptcy case.

8. **Amendment of Agreement.** This Agreement shall not be amended except by a writing signed by all of the Parties.

4

9. **Binding Effect**. This Agreement shall be binding upon and inure to the benefit of the Parties and their respective successors and assigns.

10. **Entire Agreement**. This Agreement constitutes the entire agreement of the Parties as to the subject matter hereof. The undersigned acknowledge that there are no communications or oral understandings contrary, different, or that in any way restrict, this Agreement, and that all prior agreements or understandings within the scope of the subject matter of this Agreement are, upon the execution and delivery of this Agreement, superseded, null and void.

11. **Execution in Counterparts**. This Agreement may be executed by one or more of the Parties to this Agreement on any number of separate counterparts and all such counterparts taken together shall be deemed to constitute one and the same instrument. This Agreement may be executed via facsimile and/or electronic signature.

**WHEREFORE**, the parties execute this Agreement as of the 31st day of October, 2017.

---

Charles M. Forman
Chapter 7 Trustee

AMBROSE PINE, INC.

By: _____
Name: Joseph P. Gortigan
Title: President

CH2\20219796.1

5